Kaitlyn A. Crowe
Karen K. Won (*pro hac vice forthcoming*)
Kara M. Cormier (*pro hac vice forthcoming*)
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
919 Third Avenue
New York, NY 10022
Telephone: (212) 692-3000
kacrowe@mintz.com
kwon@mintz.com
kmcormier@mintz.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Clear Wave Delivery Systems LLC,<br><br>        *Plaintiff*,<br><br>  v.<br><br>PBIRx, Inc.,<br><br>        *Defendant.* | CASE NO. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

   Clear Wave Delivery Systems LLC ("Plaintiff"), through its attorneys, hereby commences this action for a declaration pursuant to 28 U.S.C. § 2201 *et seq.* that its use of its PBX mark does not infringe upon Defendant PBIRx, Inc.'s ("Defendant") federally registered PBIRx mark.

## **INTRODUCTION**

   1.  An actual controversy exists between Plaintiff and Defendant because Defendant has alleged that Plaintiff's use of its PBX mark infringes upon Defendant's rights in its PBIRx mark.

   2.  Defendant also filed an opposition to Plaintiff's registration of its PBX mark with the United States Patent and Trademark Office ("USPTO").

   3.  As a result, Plaintiff brings this action for a declaratory judgement of non-infringement.

## THE PARTIES

4.      Plaintiff Clear Wave Delivery Systems LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Las Vegas, Nevada.

5.      Defendant PBIRx, Inc. is a corporation organized and existing under the laws of Connecticut and having a principal place of business at 612 Wheelers Farms Rd., Milford, CT 06461.

## JURISDICTION AND VENUE

6.      This Court is authorized to declare the rights of the parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 because an actual controversy exists between the parties concerning Defendant's claim of trademark infringement.

7.      This Court has subject matter jurisdiction over this action, which involves allegations of trademark infringement, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8.      This Court has personal jurisdiction over Defendant because Defendant is a Connecticut corporation having its principal place of business in this district.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's principal place of business is in this district and Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

**A.      Plaintiff and its Business**

10.     Plaintiff and its wholly-owned subsidiary SlateRx, LLC ("SlateRx") provide pharmacy benefit management and administration services to employers, coalitions, labor unions, public sector and health systems.

11. There are many different types of service providers related to pharmacy benefit services, including pharmacy benefit managers, pharmacy benefit administrators, pharmacy benefit consultants, pharmacy benefit optimizers, pharmacy benefit brokers, and pharmacy benefit advisors.

12. A pharmacy benefit manager ("PBM") is a company that manages prescription drug benefits on behalf of health insurance plans, employers, or government programs. PBMs process and administer prescription drug claims, negotiate drug prices and rebates with manufacturers, develop and manage drug formularies, build pharmacy networks, implement cost-containment strategies, oversee the prescription drug benefits for an insurance plan or employer, and provide other services related to pharmacy benefits.

13. A pharmacy benefit administrator ("PBA") is a company that handles the technical administrative aspects of pharmacy benefits within a healthcare organization. PBAs oversee the day-to-day operations of the pharmacy benefit program and administrative aspects of drug utilization, including claim processing, eligibility verification, and report generation. They are also responsible for ensuring compliance with regulations and managing relationships with pharmacies and drug manufacturers.

14. Plaintiff and its wholly-owned subsidiary SlateRx's service offering combines the financial advantages of a PBM with the personalized service of a PBA, thereby offering plan sponsors control, flexibility, and cost savings through innovative solutions.

15. Plaintiff promotes this service offering under the mark "PBX," which stands for **P**harmacy **B**enefit E**x**perience.

16. Plaintiff applied to register its PBX mark with the USPTO on October 25, 2023 in connection with "Pharmacy benefit management services; Pharmacy benefit administration

services" in Class 36. The application was assigned Serial No. 98/239,568 ("Plaintiff's Application").

**B.    Defendant and its Business**

17.    Defendant also operates within the pharmacy benefit services industry.

18.    However, it does not offer PBM or PBA services.

19.    Defendant offers customized pharmacy benefit management **consulting** services, such as vetting PBM vendors, negotiating contracts with PMBs on behalf of clients, auditing the client's existing PBM program, and other similar services and technology solutions for its clients.

20.    Defendant is the owner of federal trademark Registration No. 3,907,798 for the PBIRx mark in International Class 036 for "consulting services in the field of pharmacy benefit management," which registered on January 18, 2011 ("Defendant's Registration").

**C.    Industry Terms "PB" and "Rx"**

21.    In the field of pharmacy benefit services, the terms "PB" and "Rx" have well established industry meanings.

22.    "PB" is shorthand for "pharmacy benefit" (e.g. PBM and PBA).

23.    "Rx" is shorthand for prescription medication.

24.    The industry terms "PB" and "Rx" are the only shared or similar components between Defendant's mark and Plaintiff's mark.

**D.    Defendant's Cease and Desist Letter**

25.    On April 15, 2024, Defendant's counsel sent Plaintiff a notice of "Infringement of PBIRx's Trademark."

26.    Defendant alleged that Plaintiff's use of "PBX" was likely to cause confusion with Defendant's use of "PBIRx."

4

27. Plaintiff responded through counsel on May 22, 2024, to deny the likelihood of confusion and to deny the alleged infringement.

### E. Defendant's Opposition to Plaintiff's Trademark Application

28. Plaintiff's Application published for opposition on May 14, 2024.

29. In the examination of Plaintiff's Application prior to approval for publication, the USPTO Examiner did not raise any issues regarding potential likelihood of confusion with any prior pending or registered trademarks, including Defendant's mark.

30. Defendant filed an opposition to Plaintiff's Application before the Trademark Trial and Appeal Board on September 11, 2024.

31. Although that proceeding has commenced, Plaintiff will move to suspend it pending disposition of this litigation.

32. No other third parties using the "PB" or "Rx" abbreviations in this industry opposed Plaintiff's application.

### F. No Likelihood of Confusion

33. The PBIRx mark is Defendant's corporate mark that identifies Defendant's company.

34. PBIRx stands for "Pharmacy Benefit Intelligence" combined with "Rx."

35. It is a 5-syllable composite word combining two terms: "PBI" and "Rx."

36. Upon information and belief, PBIRx is pronounced "*Pee-bee-aye; AR-ex*," with a perceived break between the two component terms.

37. Defendant's actual marketplace usage of the PBIRx mark emphasizes the separate nature of each component term by offsetting the "PBI" and "Rx" terms with different stylization:



38. In actual marketplace usage, Defendant uses a navy blue color scheme in presenting the PBIRx mark. The letters "PBI" and "R" are capitalized and bolded, while the letter "x" is in lower case and not bolded.

39. By contrast, the PBX mark is not Plaintiff's corporate mark and it does not identify Plaintiff's company.

40. Rather, the PBX mark is used to encapsulate the essence and benefit of SlateRx's service approach, namely, providing an innovative "pharmacy benefit experience" offering that combines both pharmacy benefit management and administration services in one seamless package.

41. Accordingly, the PBX mark is typically used in conjunction with, or in close proximity to, the distinctive SlateRx corporate trademark:





42.     PBX stands for "Pharmacy Benefit" (utilizing the standard industry shorthand "PB") combined with the letter "X," which was arbitrarily selected by Plaintiff to represent "Experience."

43.     The meaning of PBX (i.e. "pharmacy benefit experience") is clear from Plaintiff's website and marketing:



> WHY **PBX**™
>
> It's time to drop the legacy model and consider a new pharmacy benefit experience.

44. Plaintiff's PBX mark is a 3-syllable mark, perceived as a unitary term, pronounced "*Pee-bee-ex*."

45. In actual marketplace usage, Plaintiff uses a forest and lime green color scheme in presenting the PBX mark. The PBX mark is always in all caps.

46. As established industry terms, the terms "PB" and "Rx" carry no, or minimal, trademark significance.

47. No one party is entitled to claim or own exclusive rights to these terms in the pharmacy benefit industry.

48. Additionally, there are a large number of various third-party marks that incorporate "PB" or "Rx" in the pharmacy benefit industry that already peacefully coexist in the marketplace and/or on the USPTO register.

49. Accordingly, the PBIRx mark, which consists primarily of the established and widely used industry terms "PB" and "Rx," is a weak trademark that is only entitled to a limited scope of protection.

50. The incontestable nature of Defendant's Registration does not alter the inherently and commercially weak nature of the PBIRx mark.

51. Given their established meaning and usage in the pharmacy benefit industry, consumers are well-versed in discriminating between the source or origin of different goods or services associated with marks incorporating "PB" or "Rx."

52. Both parties' respective business offerings are customized for each client during the sales and implementation process, due to the inherently tailored nature of pharmacy benefit consulting and pharmacy benefit administration.

53. Plaintiff's target consumers are sophisticated.

54. Defendant's target consumers are sophisticated.

55. The parties' consumers consist of business executives, specialized professionals, and other highly skilled individuals.

56. These consumers would exercise great care in vetting, selecting, and utilizing vendors for achieving important company objectives such as improving medication access, health outcomes, and cost controls for their employees and members.

57. The parties' respective services are expensive.

58. The pricing structure of the parties' services involve ongoing or recurrent fees, rather than consisting of a single one-time purchase price.

59. The processes associated with the sales, engagement, and implementation of services between the parties and their respective consumers require time, recurrent communication and negotiation.

60. For at least these reasons, there is no likelihood of confusion.

## COUNT I
### Declaration of Non-Infringement

61. Plaintiff repeats and realleges each and every allegation contained in the above Paragraphs as if set forth herein.

62. A real and actual controversy exists between Plaintiff and Defendant with respect to whether Plaintiff's use of its PBX mark infringes upon Defendant's rights in its PBIRx mark.

63. Plaintiff's use of PBX is not likely to cause confusion or mistake or to deceive the relevant public with respect to the source or origin of the parties' goods and services.

64. As such, Plaintiff's use of its PBX mark does not infringe any rights of Defendant under any provisions of the Lanham Act, including 15 U.S.C. § 1114 and 1125(a) or any state statute or common law, as they relate to Defendant's PBIRx mark.

65. Plaintiff thus seeks a declaratory judgment that its use of PBX does not infringe upon Defendant's rights in the PBIRx mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a declaratory judgment that:

A. Plaintiff's use of its PBX mark is proper, lawful, and does not infringe and at all times has never infringed upon Defendant's PBIRx mark; and

B. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of any and all issues triable by right by a jury.

January 23, 2025

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By /s/ *Kaitlyn A. Crowe*
Kaitlyn A. Crowe (#31567)
Karen K. Won (*pro hac vice forthcoming*)
Kara M. Cormier (*pro hac vice forthcoming*)
Mintz, Levin, Cohn, Ferris,
Glovsky and Popeo, P.C.
919 Third Avenue
New York, NY 10022
Telephone: (212) 692-3000
kacrowe@mintz.com
kwon@mintz.com
kmcormier@mintz.com

*Attorneys for Plaintiff*